821 F.2d 649
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William HADDIX, Plaintiff-Appellant,
v.
CITY OF DAYTON, OHIO, et al., Defendants-Appellees.
 No. 86-3367
 United States Court of Appeals, Sixth Circuit.
 June 29, 1987.
 
 Before MILBURN, Circuit Judge, and WEICK and CONTIE, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, William Haddix, appeals from the judgment of the district court. Appellant alleges that the trial judge made a prejudicial error in excluding from evidence plaintiff's Exhibit No. 1, a 'Description of Liquor Premises.'
 
 I.
 
 2
 Appellant is the principal owner of the Warren Street Drive Thru located in Dayton, Ohio. The Drive Thru is in the business of selling beer, wine and other beverages. Although appellant had initially been issued a liquor permit for the Drive Thru, it was suspended by the Liquor Control Commission. On September 30, 1982, a number of state and local law enforcement officers entered the Drive Thru, believing that appellant was selling alcoholic beverages in violation of the suspension order. Appellant subsequently was found guilty of violating the suspension order in Dayton Municipal Court.
 
 
 3
 Appellant brought this action on January 14, 1983, claiming that the defendants had violated his constitutional rights when they arrested him in his residence which is connected to the Drive Thru. Appellant alleged that the 20' by 18' northwest corner of the Drive Thru was his residence and was never covered by the liquor permit. Appellant alleged further that without a proper search warrant, one or more of the defendants had forced their way into his residence, i.e., the 20' by 18' room, at gunpoint, in violation of the Fourth Amendment and had made appellant appear before a female officer without affording him an opportunity to get fully dressed in violation of his Fourteenth Amendment right to privacy.
 
 
 4
 Various motions for summary judgment and motions to dismiss were filed by the defendants, and the district court eventually granted most of these motions on April 24, 1985, and January 27, 1986. Thereafter, the only remaining defendants were two Dayton police officers, David Sherrer and Connie Pilcher.
 
 
 5
 A key factual determination at trial was whether the 20' by 18' room in the northwest corner of the Drive Thru was, in fact, appellant's residence. At trial, appellant attempted to offer into evidence a document entitled 'Description of Liquor Premises,' which he claimed was issued by the Liquor Control Commission and it would conclusively show that the 20' by 18' northwest corner of the Drive Thru was his residence. The defendants objected to the evidence claiming that proper foundation had not been established and that the document had not been authenticated. The trial judge excluded the document on the basis that it had not been authenticated pursuant to Rule 901, Fed. R. Evid.
 
 
 6
 At the end of the trial, the jury found for the defendants and against the appellant. Specifically, the jury found that appellant had failed to prove that the 20' by 18' room in the northwest corner of the Drive Thru was his residence. The court entered judgment in accordance with the jury verdict on February 19, 1986. Appellant's motion for a new trial was denied on April 1, 1986. Appellant then filed a motion for leave to appeal in forma pauperis, which was granted by the district court. Appellant filed a timely notice of appeal on April 23, 1986.
 
 II.
 
 7
 Appellant contends that the document in question was properly authenticated under Rule 901(b)(7), Fed. R. Evid. Appellant alternatively contends that the document is self-authenticating under Rule 902, Fed. R. Evid.
 
 
 8
 Rule 901(a) provides the general rule for authentication. and Rule 901(b) provides a non-exclusive list of methods for authenticating evidence. Rule 901 provides in relevant part:
 
 
 9
 (a) General provision
 
 
 10
 The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
 
 
 11
 (b) Illustrations
 
 
 12
 By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:
 
 
 13
 .............................................................
 
 
 14
 ...................
 
 
 15
 * * *
 
 
 16
 (7) Public records or reports
 
 
 17
 Evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept.
 
 
 18
 Appellant attempted to have the document admitted into evidence without providing any testimony or other proof that the document was in fact the public record it purported to be. Defendants objected to admitting the document on the grounds that there had been no foundation or authentication. In response to this objection, a friend assisting appellant in his pro se action argued that the document should be admitted into evidence on the grounds that it had been issued by the Liquor Control Commission and that defendants had never challenged the authenticity of the document in the past. The court sustained defendants' objection, concluding that the document 'had not been properly authenticated, either by the testimony or in any manner required by law.'
 
 
 19
 It is our opinion that the trial judge acted properly in excluding from evidence the document entitled 'Description of Liquor Premises' for lack of authentication as required by Rule 901. Furthermore, appellant's alternative argument that the document is self-authenticating is without merit since the document he proposed to admit was not certified as required by Rule 902.
 
 
 20
 We accordingly AFFIRM the judgment of the district court.